Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1086 | **DATE** | 9/30/2003 |
| **CASE TITLE** | LUDWIG, ET AL vs. PILKINGTON | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]    **Motion (19) to compel is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 0 6 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 42 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



VICKI LUDWIG, LLOYD LUDWIG, KIM
NANOUSKI and JOSEPH NANOUSKI,
individually and on behalf of all persons
similarly situated,

  Plaintiffs,

v.

PILKINGTON NORTH AMERICA, INC.,

  Defendant.

No. 03 C 1086
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

  Pilkington North America, Inc. ("PNA") owns and operates a glass manufacturing facility on the Illinois River in Ottawa, Illinois.[1] This facility is located adjacent to the Village of Naplate. The facility has been used since 1908 for glass manufacturing. Arsenic was a raw material used in the process of manufacturing glass at this facility. By-products of the glass manufacturing process, which may have contained arsenic, were disposed in various locations on the property of the Ottawa site. Plaintiffs and a putative class of residents and businesses in Naplate allege that PNA has, over the course of 70 years, negligently, recklessly and/or intentionally disposed or discharged arsenic from the manufacturing facility. As a result of this alleged improper disposal, plaintiffs claim that the soils and groundwater in Naplate have been contaminated. Plaintiffs further claim that PNA has, for more than 15 years, known of this arsenic contamination but has failed to investigate, remediate or notify the plaintiffs. Finally,

---

[1] The facts as set forth in this section are accepted as true solely for the purpose of this motion.

plaintiffs claim that they have incurred and will continue to incur costs in responding to the contamination. They seek to recover these costs along with damages for the diminution in value of their properties, disgorgement of PNA's profits, and punitive damages.

Plaintiffs have served six of PNA's non-testifying consultants with subpoenas calling broadly for the production or all documents related to the work each consultant performed for PNA. PNA objected to the subpoenas, and so plaintiffs now move to compel PNA to answer their discovery requests regarding the consultants, to prepare an appropriately-detailed privilege log as to documents withheld, and to stop interfering with a specific subpoena of one of the six consultants. In response, PNA argues that its six consultants are protected from discovery by Federal Rule of Civil Procedure 26(b)(4)(B) because they are experts specially retained by PNA in anticipation of litigation, who are not expected to testify as experts at trial. PNA further argues that because any documents shared by PNA and its counsel with these non-testifying experts or that have been generated by these experts but not disclosed to a third party are protected from discovery on the grounds of unfairness – not on the basis of privilege – and plaintiffs are not entitled to a privilege log identifying such documents.[2]

Subpoena of PNA's Experts

Federal Rule of Civil Procedure 26(b)(4)(B) prohibits parties from seeking:

> facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial.

---

[2] PNA does not respond to the first issue raised by plaintiffs – the timing on PNA's providing answers to interrogatories and documents – because this issue was resolved at a status hearing on June 19, 2003.

2

Thus:

> To the extent that the issue of [a] subpoena becomes applicable, Rule 45 of the Federal Rules of Civil Procedure cannot be utilized for obtaining an expert's files where Rule 26(b)(4) remains the limitation on discoverability.

*Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. Partnership*, 154 F.R.D. 202, 208 (N.D. Ind. 1993). Moreover, a party seeking such exempt information must demonstrate "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fed.R.Civ.P. 26(b)(4)(B).

In determining whether a non-testifying expert was retained in anticipation of litigation, courts analyze the total factual situation of the particular case. *McNally Tunneling Corp. v. City of Evanston*, No. 00 C 6979, 2002 WL 59115, at *2 (N.D. Ill. Jan 14, 2002). Courts do not require that a lawsuit has actually been filed at the time the expert was retained. *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2001 WL 845468, *1 (N.D. Ill. July 25, 2001). Rather, the proper inquiry is whether "in light of the nature of the document[s] and the factual situation in the particular case, the document[s] can fairly be said to have been prepared or obtained because of the prospect of litigation." *Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1118-19 (7th Cir. 1983) (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2024 (2d ed. 1994)).

In this case, PNA's Ottawa site has been subject to investigation by state and federal environmental agencies at least since the mid-1980's as it relates to potential arsenic contamination. As part of this investigation, PNA entered into two Administrative Consent Orders ("ACO") requiring environmental studies of potential source areas, groundwater, surface water, soil and river sediment, all related to the prior use of arsenic at the Ottawa site. To assist

3

it in responding to the state and federal investigations, PNA, in consultation with its in-house and outside legal counsel, has specifically retained a number of environmental consultants over the years: ERM; Metcalf & Eddy; Hull & Associates, Inc.; PTI; Blasland, Bouck & Lee, Inc.; and Test America Analytical Testing Corporation ("Test America"). These environmental consultants were retained to help PNA and its counsel formulate strategic responses to requests and demands being made by the government agencies in anticipation of litigation and pursuant to the two ACOs entered into with PNA. PNA, through its legal counsel and in-house environmental specialists, has worked and is presently working with these environmental consultants to determine the appropriate and necessary means of defining and implementing the requirements of the ACO's. The results of some of the work performed by each of these environmental consultants have been reported to the government agencies. However, the background work performed by them obviously has not been disclosed to the government agencies or any other third party.

I find that each of the six consultants whose records have been subpoenaed here were specifically retained to assist PNA in responding to an ongoing investigation pursued by state and federal environmental agencies, which resulted in the entry of two ACOs. There can be no serious dispute that these consultants were retained in anticipation of litigation. "[I]f an agency was not just collecting background information, but had focused its attention on specific entities it believed may have violated the statute it was charged with enforcing, then the agency was contemplating litigation." *Chemcentral/Grand Rapids Corp. v. United States EPA*, No. 91 C 4380, 1992 WL 281322, at *5 (N.D. Ill. Oct 06, 1992). Accordingly, these consultants are protected from discovery under Rule 26(b)(4)(B).

Furthermore, plaintiffs have not demonstrated any exceptional circumstances necessary to justify discovery of the documents held by PNA's non-testifying experts. Fed.R.Civ.P. 26(b)(4)(B). Courts may order the production of non-testifying expert records when: (1) the condition observed by the expert is no longer observable; or (2) the condition is subject to replication, but the costs would be judicially prohibitive. *See, e.g., Braun v. Lorillard, Inc.*, 84 F.3d 230, 236 (7th Cir. 1996). Plaintiffs claim that both conditions apply here focusing on the historical aspects of this investigation and stating that they cannot recreate information collected years ago. But this argument clearly ignores the fact that three of the experts whose materials are sought are current experts. Clearly as to them, plaintiffs have their own experts and therefore have no legitimate basis to demand full discovery of PNA's non-testifying experts. Plaintiffs' argument is flawed with respect to the previously retained experts as well because they have complete access to the reports that were previously prepared by these experts and submitted to the environmental agencies over the course of the investigation.

Finally, PNA has not waived the discovery exemption provided by Rule 26(b)(4)(B) because where information enjoys protection under the rule, that protection is not subject to waiver. *Vanguard Sav. & Loan Ass'n*, No. Civ. A. 93-4627, 1995 WL 71293, at *2-3 (E.D. Pa. Feb. 17, 1995). But even if such information can be waived if disclosed, *see, e.g., Jumper v. Yellow Corp.*, 176 F.R.D. 282, 287 (N.D. Ill. 1997), that waiver is limited to material disclosed and does not apply to material that remains undisclosed. Accordingly, I reject plaintiffs' argument.

Privilege Log

In the event that the consultants' documents are exempt from discovery (which I have found that they are), plaintiffs argue that they are entitled, under Federal Rule of Civil Procedure 26(b)(5), to a privilege log of all the exempt documents. Under Rule 25(b)(5), when a party withholds information otherwise discoverable by claiming that it is privileged or subject to protection as trial preparation material, that party is required to describe the nature of the information withheld to permit the party seeking discovery – and the court – to make a determination of whether the asserted privilege indeed applies. Disclosure of sufficient information to permit a court to determine whether the withheld information is subject to discovery is ordinarily accomplished by means of a log or index of materials withheld under the claim of privilege. Ultimately, the question of whether the materials are in fact privileged is for the court to decide, and the court has the right to insist on being presented with sufficient information to make that decision. *Culinary Foods, Inc. v. Raychem Corp.*, 150 F.R.D. 122, 128 (N.D. Ill. 1993).

In this case, however, I find that the consultants' documents at issue are exempt from discovery on the ground that they are non-testifying expert information. As a threshold matter, non-testifying expert information is entirely exempt from discovery not on the basis of privilege but, rather, on the basis of unfairness. Both the Advisory Committee Notes on Rule 26(b)(4)(B) and modern jurisprudence have rejected the idea that consulting experts' work and information is protected under the concept of privilege and have, instead, opted to treat the protection of such information under the concept of unfairness. *See Hartford Fire*, 154 F.R.D. at 207. Where documents are withheld under a claim that they are exempt from discovery altogether under Rule

26(b)(4)(B), there is no express requirement that a privilege log be produced. *See, e.g., Ager v. Jane C. Stormont Hospital & Training School for Nurses*, 622 F.2d 496, 502 (10th Cir. 1980). Thus, plaintiffs' contention that PNA's non-testifying expert information is subject to disclosure on a privilege log under Rule 26(b)(5) is simply incorrect.

For the reasons above, Plaintiffs' Second Motion to Compel Pilkington to Comply with Discovery is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: SEP 3 0 2003

7