# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1086 | **DATE** | 11/4/2003 |
| **CASE TITLE** | LUDWIG, ET AL vs. PILKINGTON NORTH AMERICA, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (18-1) for class certification is granted. Enter memorandum opinion and order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 1 0 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 43 |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VICKI LUDWIG, LLOYD LUDWIG, KIM
NANOUSKI and JOSEPH NANOUSKI,

Plaintiffs,

v.

PILKINGTON NORTH AMERICA, INC.,

Defendants.

No. 03 c 1086
Judge James B. Zagel

**DOCKETED**

**NOV 1 0 2003**

## MEMORANDUM OPINION AND ORDER

The Plaintiffs, Vicki Ludwig, Lloyd Ludwig, Kim Nanouski, and Joseph Nanouski, have brought a claim individually and on behalf others similarly situated against Pilkington North America ("PNA") alleging violations of the Comprehensive Environmental Response Compensation and Liability Act, negligence, private nuisance, trespass, and willful and wanton misconduct. Plaintiffs now move for class certification pursuant to Federal Rule of Civil Procedure 23 ("Rule 23").

## I. Background

Since 1931, PNA has owned and operated a glass manufacturing facility, in Ottawa, Illinois, which is adjacent to the Village of Naplate ("Naplate"). For many years, arsenic was used at this facility as a raw material and was generated, in both liquid and solid form, as a waste product. Plaintiffs allege that PNA has, over the course of 70 years, negligently, recklessly, and/or intentionally disposed of arsenic containing waste in multiple quarries located on PNA's property as well as in off-site areas adjacent to the PNA facility. According to the Plaintiffs, this improper disposal caused both the soil and the groundwater in Naplate to become contaminated



with arsenic. Plaintiffs further allege that even though PNA has known about this for at least 15 years, PNA has failed to investigate, remediate, or notify Plaintiffs about the contamination. Plaintiffs seek to enjoin PNA from generating contamination, require PNA to fully investigate and remediate the existing contamination, require PNA to reimburse them for costs incurred, and recover compensatory and punitive damages.

## II. Discussion

In considering Plaintiffs' motion for class certification, I may not conduct a preliminary inquiry into the merits of the underlying claims. *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 177-178 (1974). However, I may look beyond the pleadings to determine whether the requirements of Rule 23 are met. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 677 (7th Cir. 2001). In order to proceed as a class action, the Plaintiffs must prove their action meets the four requirements of Rule 23(a) and the requirements of at least one subsection of Rule 23(b). *Eisen v. Carlisle & Jacqueline*, 417 U.S. at 163; See also *Calkins v. Fidelity Bond & Mortgage Co.*, No. 94-C5971, 1998 U.S. Dist. LEXIS 16144, at *2 (N.D. Ill. Oct. 8, 1998).

In addition to the four express requirements of Rule 23(a), there are two implied requirements: (1) there exists an identifiable class and (2) the named representatives are members of the class. *LeClercq v. Lockformer* Co., No. 00-C7164, 2001 U.S. Dist. LEXIS 2115, at *5 (N.D. Ill. Feb 23, 2001). PNA claims Plaintiffs have failed to meet the first of these requirements; they have not set forth an identifiable class. A class can be properly identified so long as it is defined by objective criteria, *Id* at *6, such that it is administratively feasible for the court to determine whether a particular individual is a class member. *Curtis v. Voss*, 73 F.R.D. 580, 582 (N.D. Ill. 1976); See Also 7A Charles A. Wright, Arthur R. Miller, *Federal Practice*

*and Procedure,* §1760, at 120-121 (1972). Plaintiffs have defined their class as all persons who reside or own property in Naplate. This definition sets forth definite and objective criteria (residency or ownership of property in Naplate) for determining class membership, which can easily be applied to potential class members. Therefore, I find Plaintiffs have sufficiently identified the class.

## A. Rule 23(a)

The four requirements of Rule 23(a) the Plaintiffs must prove to proceed as a class are, in short, numerosity, commonality, typicality, and adequacy.

### I. Numerosity

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). In determining the number of class members, precise numbers are not required so long as the plaintiff makes a good faith estimate. *LeClercq*, 2001 U.S. Dist. LEXIS 2115 at *2. Using the population of Naplate as a baseline figure, Plaintiffs estimate their class is likely to include more than 600 members. PNA has not presented any evidence to cast doubt on Plaintiffs' estimate or to show Plaintiffs have acted in bad faith. Moreover, PNA itself points out that Plaintiffs have already signed up approximately 100 households equating to roughly 200 possible class members.

Generally, classes with more than one hundred plaintiffs satisfy the numerosity requirement. *In re VMS Ltd. Pshp. Sec. Lit.,* No. 90-C2412, 1992 U.S. Dist. LEXIS 14445, at *4 (N.D. Ill. Sept. 23, 1992); *Johnson v. Brelje,* 482 F. Supp. 121, 123 (N.D. Ill. 1979). This is because joinder of hundreds of persons "would stretch the facilities and abilities of this Court beyond their elastic limit." *Johnson,* 482 F. Supp. at 123 (citing *Cullen v. U.S.,* 372 F. Supp. 441,

447 (N.D. Ill. 1974)). Since there are well over 100 potential plaintiffs to this suit, I find the class is sufficiently numerous as to make joinder impracticable.

## II. Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). Plaintiffs can meet this requirement by showing a common nucleus of operative facts exists between the named plaintiffs and the class. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). A common nucleus of operative facts is said to exist when a defendant has "engaged in standardized conduct towards members of the proposed class." *Keele*, 149 F.3d at 594. PNA tries to argue that Plaintiffs have not demonstrated any such standardized conduct. But, Plaintiffs do allege that PNA's disposal of arsenic containing waste in quarries on and adjacent to their property has led to arsenic contamination in Naplate. I find the disposal of arsenic containing waste alleged by Plaintiffs constitutes standardized conduct and, therefore, establishes a common nucleus of facts.

PNA also argues that factual differences between Plaintiffs and class members make a finding of commonality impossible. However, the existence of factual variation among members of the proposed class does not necessarily destroy commonality. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). To support its argument, PNA points to what it considers to be key factual differences between the class members such as differing levels and sources of arsenic contamination. PNA argues these factual differences will lead to differing legal claims and defenses for each of the class members. None of these alleged differences, however, are so great as to overshadow the common questions presented by Plaintiffs, such as whether PNA mishandled arsenic containing waste and whether that waste migrated from PNA's property to

other properties in Naplate. Therefore, I find that Plaintiffs have sufficiently established commonality.

### III. Typicality

Rule 23(a)(c) requires that "the claims or defenses of the representative parties are typical of the claims or defense of the class." Fed.R.Civ.P. 23(a)(c). The issue of typicality is closely related to commonality, *Keele*, 149 F.3d at 595, and should be liberally construed. *Whitten v. ARS Nat'l Servs. Inc.*, No. 00-C 6080, 2001 U.S. Dist. LEXIS 15472, at *12 (N.D. Ill. Sept. 26, 2001). The typicality requirement is met when the representative party's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory," *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983).

PNA argues that the unique factual circumstance associated with each of the Plaintiffs and the class members defeat typicality. The unique factual circumstances PNA points to, the differing levels and sources of arsenic contamination, are the same differences used to support its opposition to commonality. As with commonality, typicality may be found even where there are factual distinctions between the claims of the named plaintiffs and the claims of other class members. *De La Fuente*, 713 F.2d at 232. Here, although there are some alleged factual differences, the Plaintiffs and the other class members' complaints arise out of the same course of conduct, PNA's disposal of arsenic containing waste.

PNA further argues that, due to the alleged factual differences, the named plaintiffs may be subject to unique defenses that would divert the focus of the litigation to the determent of the class. PNA alludes to unique defenses arising out of causation and the statute of limitations. While PNA is correct that "the presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality," *J. H. Cohn &*

5

*Co. v. Am. Appraisal Assoc., Inc.*, 628 F.2d 994, 999 (7th Cir. 1980), neither of the suggested defenses defeats typicality here. The statute of limitations defense does not appear to be a defense limited to the named plaintiffs or a small subset of plaintiffs. As stated by PNA, "many if not all of the plaintiffs' claims as they relate to ground water may be barred by the statute of limitations." (Def. Resp. at 16). Since the unique causation defenses suggested by PNA are vague and unspecified, they should not defeat typicality. *Mejdreck v. Lockformer Co.*, No. 01-C6107, 2002 U.S. Dist. LEXIS 14785, at *15 (N.D. Ill. Aug. 9, 2002), *aff'd*, 319 F.3d 910 (7th Cir. 2003). For these reasons, I find Plaintiffs have established typicality.

### IV. Adequacy

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interest of the class." Fed.R.Civ.P. 23(a)(4). The adequacy requirement is satisfied where the named representative (1) has retained competent counsel, (2) has a sufficient interest in the outcome of the case to ensure vigorous advocacy, and (3) does not have interests antagonistic to those of the class. *In re VMS*, 1992 U.S. Dist. LEXIS 14445 at *13. While PNA does not dispute the competency of counsel[1], it does claim both that Plaintiffs have an insufficient interest in the outcome of the litigation and that Plaintiffs' interests are antagonistic to those of the class. First, PNA argues Plaintiffs' claims are so unique that Plaintiffs are insufficiently interested in the outcome of the litigation. Here, Plaintiffs have alleged a potential wrongdoing by PNA that has possibly injured them as well as other members of the proposed class. Even though some factual variations may exist, I find that Plaintiffs have sufficient interest in the litigation to adequately represent the class.

---

[1] Since PNA does not dispute the competency of Plaintiffs' counsel and since there is no evidence to the contrary, I find Plaintiffs' counsel meets the competency requirement of Rule 23(a)(4).

6

Next, PNA argues that Plaintiffs not only have interests antagonistic to the class but have also acted in a manner that is antagonistic to the class. PNA claims Plaintiffs have unique cross and third-party claims making them antagonistic to each other as well as to the rest of the class. PNA's alleged cross and third-party claims are speculative at best. As Plaintiffs state in their reply, they are unaware of any claims that they could or would assert against each other or against third parties. (Pls. Reply at 11). Speculative conflicts, such as those raised by PNA, should not defeat certification. *LeClercq*, 2001 U.S. Dist. LEXIS 2115 at *16 (citing *Rosario*, 963 F.2d at 1018-1019). Therefore, I find PNA's mere allegation of potential cross and third-party claims are insufficient to show antagonism between the Plaintiffs and the class.

PNA also claims that Plaintiffs have taken actions antagonistic to the class by refusing to allow testing of their properties. Plaintiffs claim, however, that they are willing to allow testing so long as PNA agrees to repair any damage resulting from the testing. By asking for such assurances, Plaintiffs do not appear to be acting in an unreasonable or antagonistic manner. They may or may not lose their argument on the merits of imposing a repair condition but it is not an unreasonable request on behalf of themselves or any member of the purported class. For all these reasons, I find that Plaintiffs have satisfied the requirements of Rule 23(a)(4) and, therefore, will fairly and adequately represent the class.

### B. Rule 23(b)

Since the Plaintiffs have satisfied the four requirements of Rule 23(a), I must now consider whether they have satisfied at least one subsection of Rule 23(b).

#### I. Rule 23(b)(3)

Rule 23(b)(3) has the following two requirements: (1) the common questions of law or fact predominate and (2) the class action is the superior form of adjudication. Considerable overlap exists between the court's determination of commonality and a finding of predominance.

7

*Mejdreck,* 2002 U.S. Dist. LEXIS 14785 at *17-18 (citing *Demitropoulos v. Bank One Milwaukee, N.A.,* 915 F. Supp. 1399, 1419 (N.D. Ill. 1996). A finding of commonality will likely satisfy a finding of predominance because, like commonality, predominance is found where there exists a common nucleus of operative facts. *Mejdreck,* 2002 U.S. Dist. LEXIS 14785 at *17-18 (citation omitted).

In support of their argument for predominance, Plaintiffs rely heavily on *LeClercq* and *Mejdreck*. As is the case here, the *LeClercq* and *Mejdreck* defendants claimed that individualized issues surrounding causation and damages required individualized proof, which predominated over the common issues of the class. *LeClercq,* 2001 U.S. Dist. LEXIS 2115 at *18; *Mejdreck,* 2002 U.S. Dist. LEXIS 14785 at *18-19. In both *LeClercq* and *Mejdreck,* the courts ultimately found that, despite factual differences, common issues such as whether the defendants were responsible for contamination predominated. *LeClercq* 2001 U.S. Dist. LEXIS 2115 at *19; *Mejdreck* 2002 U.S. Dist. LEXIS 14785 at *18-20.

PNA claims Plaintiffs' reliance on *LeClercq* and *Mejdreck* is misplaced because, unlike this case where PNA claims multiple sources and methods of contamination, *LeClercq* and *Mejdreck* involved a single method and source of contamination. However, as Plaintiffs point out, PNA's distinctions may be misplaced. In *LeClercq* and *Mejdreck,* the defendants have filed multiple third-party complaints against other companies, which tend to show the *LeClercq* and *Mejdreck* defendants also claimed multiple sources of contamination existed and did not concede, as PNA suggests, to being the sole source of contamination. Since *LeClercq* and *Mejdreck* involved a similar factual situation to the one presented here, I find them persuasive.

As discussed under commonality, PNA has allegedly engaged in a single course of conduct, disposal of arsenic containing waste, that has created a common nucleus of facts for the class. Although some individualized questions may exist, they should not defeat class

8

certification. *Mejdreck*, 2002 U.S. Dist. LEXIS 14785, at *20 (quoting *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988)). I am satisfied that common questions such as whether PNA mishandled arsenic containing waste and whether that waste migrated from PNA's property to other properties in Naplate predominate.

Since common questions of law and fact predominate, trying these claims separately would result in a large amount of repetition. Thus, I find proceeding as a class action is the superior form of adjudication for this case. The proof regarding the history of PNA's operation, PNA's use of arsenic, PNA's disposal of arsenic containing waste, and the possible pattern of that waste's migration will be almost identical. It "would be neither efficient nor fair to anyone, including the defendants, to force multiple trials to hear the same evidence. *LeClercq*, 2001 U.S. Dist. LEXIS 2115 at *21 (quoting *Boggs v. Divested Atomic Corp.*, 141 F.R.D. 58 (S.D. Ohio 1991)). Furthermore, repetitive discovery for individual cases would also be wasteful. *LeClercq*, 2001 U.S. Dist. LEXIS 2115 at *21. For these reasons, I find Plaintiffs have satisfied Rule 23(b)(3).

### B. Rule 23(b)(1)

Additionally, I find Plaintiffs have met the requirements of Rule 23(b)(1). Rule 23(b)(1) is satisfied when "the prosecution of separate actions by or against individual members of the class create a risk of (A) inconsistent or varying adjudications...which would establish incompatible standards of conduct for the party opposing the class." Fed.R.Civ.P. Rule 23(b)(1). The Plaintiffs have identified approximately 600 potential plaintiffs. It is likely that trying such a large number of cases could lead to varying judgments. *Mejdreck*, 2002 U.S. Dist. LEXIS 14785 at *21-22.

For the reasons stated above, I find Plaintiffs have satisfied the requirements of Rule 23; therefore Plaintiffs' motion for class certification is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 4 Nov 2003